■ In the Matter of the Claim of SIDNEY McCOY, Respondent, v. S. BOCHOW et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from decisions and an award of the Workmen's Compensation Board on the grounds that there is no substantial medical evidence to support the board's determination of causal relationship between claimant's accident and the rheumatoid arthritis from which he is suffering. On March 8, 1956, while claimant was installing electrical equipment in a hanging ceiling, the ladder on which he was working " walked away " from him. Instinctively he grabbed the ceiling which was 18 feet from the ground and held himself suspended till his arms weakened and he dropped to the floor landing on his feet. Claimant noticed no immediate effect from the fall and continued working. That evening, however, he developed such severe pain in his arms, shoulders and wrists that he went to a hospital for emergency treatment. During the next few weeks the pain became so severe that claimant was unable to work but gradually after a number of treatments he was sufficiently improved and returned to work. Soon after he returned to work, however, his ankles and feet became swollen and pain developed again in his wrists, hands and elbow. His disability was diagnosed as rheumatoid arthritis. The Referee after a hearing determined that this disability was not causally related to the accident of March 8, 1956. On appeal the board reversed this determination and found that the accident had " activated and aggravated a pre-existing rheumatoid arthritis." Almost a year later the board on its own motion ordered reargument of the case, reversed its prior decision and referred the case and claimant to an impartial specialist on the question of causal relationship. The specialist found causal relationship in that the trauma aggravated the pre-existing arthritis, and consequently the board reinstated and affirmed its prior decision. Appellants assert that there is no substantial evidence to support the board's determination. We cannot agree. The impartial specialist testified that while the accident did not cause the arthritis it aggravated or precipitated the condition. Appellants' experts while denying connection admit the possibility of such a causal relationship. Thus there exists only the usual conflict of medical opinions which the board has resolved in favor of claimant. We cannot say that this determination is without substantial support in the record (*Matter of De Luca* v. *Garrett & Co.*, 12 A D 2d 569, motion for leave to appeal denied 9 N Y 2d 609). Decisions and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.